McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone No. (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:03-CV-1210-LKK-GGH |
| | ) | |
| Plaintiff, | ) | FINAL JUDGMENT OF FORFEITURE |
| | ) | |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 2463 PINNACLES DRIVE, PLACER COUNTY, ROCKLIN, CALIFORNIA, APN: 016-290-010, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.  This is a civil forfeiture action against certain real property listed in the caption above, and more particularly described as:

>       THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF PLACER, CITY OF ROCKLIN, AND IS DESCRIBED AS FOLLOWS:
>
>       LOT 80, AS SHOWN ON THE RESUBDIVISION OF SUNSET PARK UNIT NO. 7, FILED NOVEMBER 17, 1965, IN BOOK "H" OF MAPS, AT PAGE 88, PLACER COUNTY RECORDS (hereinafter the "defendant real property").

2. A Complaint for Forfeiture In Rem was filed on June 5, 2003, seeking to forfeit the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3. On June 20, 2003, the defendant real property was posted with a copy of the complaint and notice of complaint in a manner consistent with the requirements of 18 U.S.C. § 985.

4. On July 2, 2003, a Public Notice of Posting of defendant real property appeared by publication in the Auburn Journal, a newspaper of general circulation in the county in which defendant real property is located (Placer County).

5. In addition to the Public Notice of Posting having been completed, actual notice was acknowledged by the following:
   a. Darin D. Downs
   b. Christi M. Downs
   c. Countrywide Home Loans, Inc.
   d. Allied Bail Bonds
   e. First Plus Financial Inc. (predecessor in interest to Nationwide Mortgage Plan & Trust)
   f. Pacific Inland Mortgage

6. Darin D. Downs, Christi M. Downs, Countrywide Home Loans, Inc., and Nationwide Mortgage Plan & Trust have filed claims and answers.

7. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

9. The U.S. Marshals Service shall list the defendant real property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of defendant real property.

10. Following entry of the Final Judgment of Forfeiture, the U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing. Following the entry of the Final Judgment of Forfeiture, but prior to vacating the defendant real property, the U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

11. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

12. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    (a) The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    (b) Countrywide Home Loans, Inc. shall be paid in escrow from the gross sales price the following:

        (i) The sum of $93,370.15 due on the Promissory Note executed and delivered on January 23, 1996,

3

|   |   |
|---|---|
| 1 | less any principal payments made between March |
| 2 | 24, 2003, and the date of payment; plus interest |
| 3 | due and owning as of March 24, 2003 of |
| 4 | $2,918.25, plus interest at the contractual rate |
| 5 | (not default rate) due and owing after March 24, |
| 6 | 2003, until paid, less any payments or credits |
| 7 | made or received after March 24, 2003; |
| 8 | (ii)  All unpaid casualty insurance premiums for |
| 9 | the defendant property from June 20, 2003 (date |
| 10 | of posting of defendant real property) to the |
| 11 | date of payment; |
| 12 | (iii) Reasonable attorney's fees not to exceed |
| 13 | $2,750.00; and |
| 14 | (iv)  A total fee of not more than $200 to |
| 15 | process a beneficiary demand statement and to |
| 16 | record a reconveyance of the deed of trust. |
| 17 | (v) The exact amount to be paid to Countrywide |
| 18 | Home Loans, Inc. shall be determined at time of |
| 19 | payment. |
| 20 | (c)  Nationwide Mortgage Plan & Trust shall be paid |
| 21 | in escrow from the gross sales price the |
| 22 | following: |
| 23 | (i)  The sum of $47,650.15 due on the Promissory |
| 24 | Note executed and delivered on March 29, 1997, |
| 25 | less any principal payments made between |
| 26 | December 7, 2004, and the date of payment; plus |
| 27 | interest due and owning as of December 7, 2004 |
| 28 | of $11,915.27; plus interest at the contractual |

4

|     |     |
| --- | --- |
| 1   | rate (not default rate) due and owing after |
| 2   | December 7, 2004, until paid, less any payments |
| 3   | or credits made or received after December 7, |
| 4   | 2004; |
| 5   | (ii)  All unpaid casualty insurance premiums for |
| 6   | the defendant real property from June 20, 2003 |
| 7   | (date of posting of defendant real property) to |
| 8   | the date of payment; |
| 9   | (iii) Reasonable attorney's fees not to exceed |
| 10  | $2,750.00; and |
| 11  | (iv)  A total fee of not more than $200 to |
| 12  | process a beneficiary demand statement and to |
| 13  | record a reconveyance of the deed of trust. |
| 14  | (v) The exact amount to be paid to Nationwide |
| 15  | Mortgage Plan & Trust shall be determined at |
| 16  | time of payment. |

(d) Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

(e) A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee, and such costs of sale as the United States Marshals Service may reasonably incur, including, but not limited to, county transfer taxes.

(f) To the United States of America, 75% of the funds remaining after payments pursuant to ¶ 12(a) thru (e). All right, title, and interest in said funds shall be substituted for the

5

                defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

      (g)  To Claimant Darin D. Downs, through his attorney Eric Nakano, 25% of the funds remaining after payments pursuant to ¶ 12(a) thru (f).

13.  Any liens or encumbrances against defendant real property that appear on record subsequent to the recording of plaintiff's <u>lis</u> <u>pendens</u> on June 9, 2003, and prior to entry of the Final Judgment of Forfeiture herein may be paid out of escrow.

14.  The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

15.  All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

16.  Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

17.  All parties hereby release plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of defendant real property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.  The parties to this stipulation waive the provisions of California Civil Code § 1542.

18.  Prior to vacating the defendant real property, claimant Darin D. Downs shall maintain the defendant property in the same condition and repair as existed as of the date of the posting,

1  normal wear and tear excepted, until he has vacated the premises.
2  The term "maintain" shall include, but is not limited to, keeping
3  the property free of hazard and structural defects; keeping all
4  heating, air conditioning, plumbing, electrical, gas, oil, or other
5  power facilities in good working condition and repair; keeping the
6  property clean and performing such necessary sanitation and waste
7  removal; keeping the property in good condition by providing for
8  lawn and yard maintenance; and other ordinary and necessary items of
9  routine maintenance.

10      19.  Until the sale of the defendant real property, claimant
11 Darin D. Downs shall maintain all insurance policies currently in
12 effect with respect to the property, including policies covering
13 liability to persons injured on said property and for property
14 damage to the defendant real property.  Claimant Darin D. Downs
15 shall arrange for the inclusion of a rider to all of the above-
16 mentioned policies naming the U.S. Marshals Service.

17      20.  Until the sale of the defendant real property, or until
18 otherwise required to vacate the property, claimant Darin D. Downs
19 shall allow the U.S. Marshals Service personnel, or its agent, the
20 right to enter and inspect the property and all buildings thereon on
21 a monthly basis upon 24 hours telephonic notice.

22      21.  Except as specifically provided herein, Claimant Darin D.
23 Downs shall not convey, transfer, encumber, lien, or otherwise
24 pledge defendant real property without the prior, written approval
25 of the United States.

26      22.  Claimant Darin D. Downs and all others occupying the
27 defendant real property with his consent shall vacate defendant real
28 property within (30) days after receiving notice by the United

1  States Marshals Service of its intention to list the property for
2  sale.  Prior to vacating the property Claimant Darin D. Downs shall
3  remove all of his personal possessions, and the personal possessions
4  of any former occupant, including all vehicles, furniture, and
5  trash, and leave the property clean and in the same state of repair
6  as the property was on the date it was posted with notice.  Any and
7  all of claimant's personal possessions, and the personal possessions
8  of any former occupant, not removed within thirty (30) days prior to
9  the close of escrow will be disposed of by the United States without
10 further notice.  Any cost incurred by the United States to evict
11 claimant, or for disposal of personal possessions, or to repair
12 damage to the property, shall be deducted from the payment to
13 claimant Darin D. Downs as set forth in ¶ 12(g) above.
14     23.  There was reasonable cause for the posting of defendant
15 property, and the Court may enter a Certificate of Reasonable Cause
16 pursuant to 28 U.S.C. § 2465.
17     24.  All parties are to bear their own costs and attorneys'
18 fees, except as provided for herein.
19     25.  Pending the sale of the property, and the disposition of
20 the proceeds, the Court shall maintain jurisdiction to enforce the
21 terms of the Final Judgment of Forfeiture.
22     SO ORDERED THIS 4th day of October, 2005.

                                /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                United States District Judge

8

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the allegations set forth in the Complaint for Forfeiture *In Rem* filed June 5, 2003, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

DATED:  October 4, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
United States District Judge